Robert CZEREMCHA,
Plaintiff-Appellant,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Defendant-Appellee.

No. 83–5259
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1984.

George H. Tucker, Dorian K. Damoorgian, Miami, Fla., Joseph P. Manners, General Counsel, International Assn. of Machinists and Aerospace Workers, Washington, D.C., for defendant-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

This appeal raises several procedural questions that have not yet been expressly resolved by the Eleventh Circuit: (1) whether the dismissal of a complaint is a final order which triggers the time limits for filing a notice of appeal, (2) whether a denial of leave to amend which effectively ends the litigation is appealable, and (3) whether amendment after dismissal of a complaint is a matter of right or by leave of the court.

## BACKGROUND

The appellant, Robert Czeremcha, is a former employee of Eastern Airlines and a former member of the International Association of Machinists and Aerospace Workers. He was dismissed by Eastern Airlines from his job for allegedly consuming alcohol during work hours. He subsequently appeared at a hearing before the System Board of Adjustment, where he was represented by an appointed Union representative. Czeremcha claims that the Union committed a number of abuses at the hearing, including testimony by the Union representative that Czeremcha was an alcoholic, which the appellant denies.

Czeremcha filed a complaint against the Union in federal district court alleging that the Union breached its duty of fair representation at the hearing and based subject matter jurisdiction on Section 8(b) of the National Labor Relations Act (NLRA). The Union filed a motion to dismiss the complaint, arguing in part that the district court lacked jurisdiction under the NLRA because the Railway Labor Act, not the NLRA, was the proper statute covering Czeremcha's claim. On December 23, 1982, the district court dismissed the plaintiff's complaint for failure to invoke the court's subject matter jurisdiction, noting that the plaintiff as a former employee of an airline was covered by the provisions of the Railway Labor Act rather than the NLRA.

On January 4, 1983, the plaintiff filed a motion for leave of the court to amend its complaint under Rule 15 of the Federal Rules of Civil Procedure in order to allege the Railway Labor Act as the complaint's jurisdictional basis. On March 10, 1983, the district court denied the motion, holding that "[t]his Court's order of December 23, 1982, properly dismissed this cause of action for lack of subject matter jurisdiction." The plaintiff filed his notice of appeal from the denial of his motion for leave to amend on April 8, 1983.

The appellee/defendant opposes the appeal on two major grounds. First, it argues that the dismissal of the complaint on December 23, 1983 was an appealable final

order and, therefore, Czeremcha's filing of his notice of appeal on April 8, 1983 was untimely, occurring more than 30 days after entry of the final order. F.R.App.P. 4(a). Next, the appellee argues that denial of leave to amend is not an appealable order and thus not properly before this court.

## I. DISMISSAL OF THE COMPLAINT AS A FINAL ORDER

The appellee's first contention, that the dismissal of the complaint on December 23, 1982 constituted a final order for the purposes of F.R.App.P. 4(a), requires us to decide the nature of the court's action. If the dismissal of the complaint was a final order, then the plaintiff's notice of appeal, filed on April 8, 1983 would be untimely.[1]

Those courts that have considered the question of whether dismissal of a complaint is a final order are of differing views. The Second Circuit has held that the dismissal of a complaint, unless leave to amend is explicitly granted, constitutes a final appealable order. *Elfenbein v. Gulf & Western Industries, Inc.,* 590 F.2d 445, 448 (2nd Cir.1978); *Weisman v. LeLandais,* 532 F.2d 308, 309 (2nd Cir.1976). The Ninth, Sixth and Third Circuits, in contrast, distinguish between a *dismissal of the complaint* and a *dismissal of the action,* holding that only the latter constitutes a final order, unless the trial court has made clear in dismissing the complaint that the action could not be saved by amendment. *Ruby v. Secretary of United States Navy,* 365 F.2d 385, 387 (9th Cir.1966); *Azar v. Conley,* 480 F.2d 220, 222–23 (6th Cir.1973); *Borelli v. City of Reading,* 532 F.2d 950, 951–52 (3rd Cir. 1976). *See also* Moore's Federal Practice, ¶ 12.14 (recognizing the distinction); Wright & Miller, Federal Practice and Procedure § 1483 (recognizing the distinction, but suggesting that it may be too formalistic).

In *Elfenbein,* the Second Circuit attributed the divergent views to the different manner in which the courts view the right to amend after a complaint has been dismissed. Although the Ninth Circuit allows the plaintiff to amend once as a matter of right under F.R.Civ.Pro. 15(a) even after dismissal, the Second Circuit has held that the right to amend terminates upon the dismissal of the complaint. 590 F.2d at 448 n. 2. From the Second Circuit's perspective, therefore, the effect of a complaint being dismissed turns upon whether the plaintiff has a continuing right to amend in an attempt to save the complaint.

Our circuit has not decided expressly either question: whether the dismissal of a complaint is a final order or whether a plaintiff may amend once as a matter of right under Rule 15(a) after a dismissal. The court, however, has indicated that a plaintiff has the choice either of pursuing a permissive right to amend a complaint after dismissal or of treating the order as final and filing for appeal. *United States v. Mayton,* 335 F.2d 153, 158 n. 12 (5th Cir. 1964);[2] *United Steelworkers v. American International Aluminum Corp.,* 334 F.2d 147, 150 n. 4 (5th Cir.1964).

■ *Mayton* and *United Steelworkers* thus suggest an intermediate approach between those adopted by the Second and Ninth Circuits. Although the plaintiff does not have a right to amend as a matter of course after dismissal of the complaint,[3] the dismissal itself does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action.[4] We believe that this approach is consistent with Rule 15's liberal mandate that leave to amend be "freely given when justice so

---

1. Rule 4(a) of the Federal Rules of Appellate Procedure allows 30 days for the filing of the notice of appeal from a final order or judgment.

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3. The plaintiff's right to amend as a matter of course under Rule 15(a) is discussed further in Part III, *infra.*

4. These situations are immediately appealable because where the complaint is dismissed or the court states that the complaint cannot be saved by amendment, the effect would be that of a final order.

requires," without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment. *See Clardy v. Duke University,* 299 F.2d 368, 369–70 (4th Cir.1962); Wright & Miller, § 1483; Moore's Federal Practice ¶ 15.07[2].

■ Here, the trial court in its order dismissing the complaint did not state that it also was dismissing the action or that the complaint could not be saved through amendment. Indeed, a fair reading of the court's order with its extensive discussion of why the Railway Labor Act rather than the NLRA was the proper statute appears to invite an amendment by the plaintiff. In his proposed amendment, the plaintiff did not allege any new facts, but only advanced the Railway Labor Act as his new basis for jurisdiction. Thus, although the court in its order of March 10, 1983 characterized its earlier order as one dismissing the "cause of action," the plaintiff could not have been reasonably expected to realize that the court was entering a final order. Consequently, no final order was entered on December 23, 1982, and the plaintiff's notice of appeal from the March 10, 1983 order was timely.

## II. THE APPEALABILITY OF THE DENIAL OF LEAVE TO AMEND

■ The appellee next contends that the order denying the leave to amend was a non-appealable interlocutory order. Although the appellee is correct that denial of leave to amend normally is a non-appealable interlocutory order, *Wells v. South Main Bank,* 532 F.2d 1005 (5th Cir.1976), here the plaintiff's appeal of the denial arises after the action has been dismissed. The plaintiff's argument on appeal that the district court erred in not allowing amendment is simply his basis for challenging the court's dismissal of the action for lack of subject matter jurisdiction. Indeed, if the plaintiff

could not raise the denial of the amendment at this juncture, after the litigation has in effect terminated, the plaintiff would never be able to challenge the trial court's action. Such a holding would plainly contradict the undisputed propositions that dismissal of an action is an appealable order, Moore's Federal Practice ¶ 110.08[1]; 12.14, and that refusal to permit amendment is reviewable on appeal from a final order or judgment. *Fox v. City of West Palm Beach,* 383 F.2d 189 (5th Cir.1967).

## III. THE PROPRIETY OF DENYING THE LEAVE TO AMEND

Having decided that the appeal is timely and properly before us and that the court's initial dismissal of the complaint was not a final order, we must still determine whether the trial court erred in denying leave to amend.

The plaintiff argues that he had a right to amend the complaint once as a matter of course under Rule 15(a)[5] even after its dismissal. As noted earlier, some courts have adopted this approach on the rationale that the motion to dismiss is not a responsive pleading for the purposes of Rule 15(a), and, therefore, even after dismissal of the complaint the plaintiff has the right to amend. *See, e.g., 222 East Chestnut Street Corp. v. Lakefront Realty Corp.,* 256 F.2d 513 (7th Cir.), *cert. denied,* 358 U.S. 907, 79 S.Ct. 232, 3 L.Ed.2d 228 (1958). The Second Circuit, however, has viewed the right to amend as dissolving upon the granting of the motion to dismiss. *Elfenbein,* 590 F.2d at 448 n. 2.

Our circuit has not expressly decided the issue, *see McCrary v. Poythress,* 638 F.2d 1308, 1314 (5th Cir.1981) (declining to decide the issue), and the case law is somewhat contradictory. *Compare Case v. State*

---

5. Rule 15(a) provides:

(a) **Amendments.** A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

*Farm Mutual Automobile Insurance Co.,* 294 F.2d 676, 678 (5th Cir.1961) (speaking of right to amend under Rule 15(a) after dismissal) *with Dowdy v. Procter & Gamble Mfg. Co.,* 267 F.2d 827, 828 (5th Cir.1959) (indicating leave of court needed to amend). *See also Massachusetts Mutual Life Insurance Co. v. Ambassador Concessions, Inc.,* 489 F.2d 282, 283 (5th Cir.1973) (discussing both right to amend; need for court's leave to amend) and *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 662 n. 10 (5th Cir.1979) (indicating plaintiff had right to amend but right not absolute).

The commentators have criticized those courts holding that the plaintiff has an absolute right under Rule 15(a) to amend after dismissal of the complaint as frustrating "the desire for certainty in the termination of litigation." Moore's Federal Practice ¶ 15.07[2]; Wright & Miller, § 1483. The criticism is in part premised on the ability of the plaintiff to request leave to amend and the fact that such leave is to be granted liberally. *See* Moore, *supra;* Wright & Miller, *supra.*

■ In light of this criticism and the confusion in this circuit's case law on the issue, we find it appropriate to adopt the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend,[6] and such amendments should be granted liberally, *see, Dowdy,* 267 F.2d at 828. The plaintiff may also move for relief under Rules 59(e)[7] or 60(b)[8] on the basis of proposed amendments even after the action is dismissed and final judgment is entered. See Moore's Federal Practice ¶ 15.07[2].[9]

■ Here, the district court denied leave to amend because it viewed its earlier dismissal of the complaint as tantamount to a dismissal of the action. Because this char-

acterization was in error, we remand for the court to determine whether the proposed amendment should be allowed. In making this determination the court should take into account that amendments are to be liberally granted, *Dowdy, supra,* and weigh those factors which are relevant to the court's exercise of discretion in deciding whether to allow amendment, *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Moore's Federal Practice, ¶ 15.08[4].

REVERSED and REMANDED.

---

6. Such a motion would be inappropriate, however, if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action. *See supra* note 4 and accompanying text.

7. Rule 59(e) provides for motions to alter or amend the judgment.

8. Rule 60(b) outlines those grounds on which a party can move for relief from a final judgment or order.

9. Because we find that a dismissal of the complaint is not tantamount to a dismissal of the action unless the court so specifies, Rule 59(e) or 60(b) would apply only once the action is dismissed.