[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 9, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-12909
Non-Argument Calendar

_____

D.C. Docket No. 03-23144-CV-JAL

JOHN MONTFORD,

                                                Plaintiff-Appellant,

          versus

FEDERICO A. MORENO,
District Judge,
MIAMI DADE COUNTY, et al.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(June 9, 2005)**

Before BIRCH, HULL and WILSON, Circuit Judges.

PER CURIAM:

John Montford appeals pro se the dismissal of his claims against 38 defendants for alleged violations of 42 U.S.C. §§ 1981, 1983 and 1985; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; Title VII, 42 U.S.C. § 2000e; and various state laws. The district court dismissed Montford's claims pursuant to 28 U.S.C. § 1915(e)(2) because they were frivolous or barred by res judicata. After reviewing thoroughly Montford's complaint and his contentions on appeal, we **AFFIRM**.

## I. BACKGROUND

### A. Montford's Prior Litigation

Montford was employed by Metropolitan Dade County as a Court Service Officer and Inventory Clerk in the Miami Dade Police Department ("the MDPD") until his termination in October 1992. In 1993, Montford initiated a pro se action ("Montford I", No. 93-2335) in the United States District Court for the Southern District of Florida. In his fourth amended complaint, he alleged unlawful employment practices in connection with his 1992 termination. He named Metropolitan Dade County, the MDPD, Joaquin Avino, Fred Taylor, Leonard Brady, Linda Blue, Richard Conover, Barry Hoffman, John McNeil, Dorothy Jiminez, Evan Grob, Carmen Davis, Grace Poley, and Mark Deutsch as defendants. The district court dismissed Montford's fourth amended complaint

with prejudice because he violated Local Rule 7.1C. in failing to respond to the defendants' motions to dismiss with a memorandum of law. On 10 March 1998, we affirmed the district court's ruling. Montford I, No. 96-4299, slip op. at 4 (11th Cir. Mar. 10, 1998).

While Montford's appeal in Montford I was pending, Montford filed a second pro se action ("Montford II", No. 97-1585) in the Southern District of Florida. In Montford II, he named a group of defendants from Montford I: Metropolitan Dade County, the MDPD, Avino, Taylor, Brady, Blue, Conover, Hoffman, Jiminez, Grob, and Deutsch. Montford also named a new group of defendants: the American Arbitration Association, Barnett Bank, the Coral Gables Police Department ("the CGPD"), the Magnetic Resonance Institute ("the MRI"), Carol Ann Anderson, R. Geoffrey Martin, Jose Fraguela, Chief Leary, R. C. Windsor, Jerry Burgin, Jimmie L. Brown, John H. Ford, Steve Rothlein, D. Hansen, A. DeLuca, Everett W. Abernathy, James Dunn, Kathy Patterson, Vicki Todaro, Dulce Perez, Buford Ford, Karin Pedersen, Fran Montalbane, Harriet Hernandez, Ellen Ehrlich, Laurie Kaufman Amber, Leslie W. Langbin, Dennis Colbert, and Dwayne Sevier. On 18 July 1997, the district court deemed Montford's claims frivolous and dismissed Montford II without prejudice. See Montford II, No. 97-1585 at 2 (S.D. Fla. July 18, 1997) (final order of dismissal).

On 9 June 1998, Montford pro se initiated a third action ("Montford III," No. 98-1305) in the Southern District of Florida. Although the action was originally assigned to Judge Lenard, it was transferred to Judge Moreno pursuant to Local Rule 3.9(C). Montford III, No. 98-1305 at 1 (S.D. Fla. Oct. 22, 1999) (order of transfer). In his second amended complaint, Montford again claimed that the defendants had engaged in unlawful employment practices, including racial and retaliatory discrimination, and had violated the Americans with Disabilities Act and/or the Rehabilitation Act of 1973. Montford named as defendants a group from Montford I and II: Metropolitan Dade County, the MDPD, the CGPD, the MRI, Avino, Taylor, Anderson, Deutsch, Grob, Poley, Davis, Brady, Windsor, Brown, Burgin, John H. Ford, Rothlein, Blue, De Luca, Hansen, Dunn, Abernathy, Conover, Hoffman, McNeil, Pedersen, Todaro, Buford Ford, Jimenez, Hernandez, Montalbane, Colbert, and Servier. Montford also named a new group of defendants: the City of Coral Gables ("Coral Gables"), Carter, Kathy Patterson, "Sergent [sic] Identified by Badge Number 1841," Michael Cole, and Astrida Kevisal.

The defendants filed motions to dismiss Montford's second amended complaint. On 2 August 2001, Magistrate Judge Dube issued a Report and Recommendation regarding the defendants' motions to dismiss. Adopting the

4

Report and Recommendation in part, the district court granted the motions to dismiss filed by Grossman, the MRI, Sevier, Coral Gables, the CGPD, and Colbert. On cross-motions for summary judgment, the district court granted the remaining defendants' motions and denied Montford's motion. The district court found that res judicata barred Montford's claims because they stemmed from the same actions complained of and adjudicated in Montford I. Montford III, No. 98-1305, at 6-7 (S.D. Fla. Mar. 25, 2002) (order granting defendants' motion for summary judgment). Our circuit affirmed the district court's dismissal and summary judgment rulings in June 2003. See Montford III, No. 02-12112, slip op. at 2 (11th Cir. Feb. 13, 2003).

B.     The Instant Case

In November 2003, Montford initiated another action in district court ("Montford IV", No. 03-23144). In his amended complaint, he named a group of defendants from Montford I and III: Dade County, the MDPD, Coral Gables, the CGPD, the MRI, Anderson, Deutsch, Grob, Grossman, Avino, Poley, Davis, Taylor, Brady, Blue, Dunn, Abernathy, Conover, Hoffman, McNeil, Pedersen, Cole, Jimenez, Montalbane, Patterson, Todaro, Colbert, and Sevier. Montford also named a new set of defendants: District Court Judge Federico A. Moreno; Magistrate Robert Dube; Akerman, Senterfitt and Eidson, P.A.; Carmen,

5

Beauchamp, and Sang, P.A.; Nina Brown, Michael Fertig, Eric Alberto Rodriguez, and Mark Shapiro. According to Montford's amended complaint, Akerman, Senterfitt and Edison, P.A., and Carmen, Beauchamp, and Sang, P.A., are law firms, and Brown, Fertig, Rodriguez, and Shapiro are attorneys who work for those law firms and/or represented defendants in his prior litigation.

In his 20-count complaint, Montford alleged violations of his rights under 42 U.S.C. §§ 1981, 1983, and 1985, the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., Title VII, 42 U.S.C. § 2000e, and several state laws. He reiterated many of the employment discrimination, fraud, and conspiracy allegations from Montford I and III. Specifically, he made the following claims:

(1) "Fraudulent Concealment" (Count 1): Montford claimed that defendants Dade County, Anderson, MRI, and Servier disobeyed court orders, refused to disclose medical files, and concealed evidence that would have proven the allegations he put forth in Montford I.

(2) Violation of 42 U.S.C. § 1983 (Count 2): Montford alleged that Dade County had a custom or practice to "influence brotherhood [sic] to turn against [Montford]" and "continue a Cover-up into the courtroom," Fourth Amended Compl., Montford IV ¶ 78, and that county leaders conducted a racist investigation to have him terminated for a domestic crime he did not commit.

6

Specifically, Montford claimed that Dade County and MRI, acting through Anderson and Servier, respectively, disobeyed court orders in refusing to disclose direct evidence that could have proven his innocence, thereby depriving him of substantive due process. He also alleged that Grossman and Judge Moreno participated in the cover-up. According to Montford, Grossman intentionally lied about filing a motion to dismiss in order to take Judge Moreno's attention away from the concealment of evidence, and Judge Moreno relied on those lies to dismiss Montford I.

(3)     Violation of 42 U.S.C. § 1985(3) (Count 3): Montford claimed that, because of his race, defendants Dade Country, Anderson, MRI, Servier, and Grossman conspired to deny him court ordered evidence. He further claimed that Judge Moreno ignored his judicial oath by acting on personal bias, covering up the concealment of the evidence, and relying on intentional lies to dismiss Montford I. Montford contends that these actions denied him of his right to equal privileges under the law in violation of 42 U.S.C. § 1985(3).

(4)     "Conspiracy to Fulfill Constructive Dismissal Through Intentional Lying and Obstruction of Justice" (Count 4): Montford maintained that Judge Moreno and the other defendants, whose intentional lies led to the dismissal of his Montford I complaint, obstructed justice.

(5)  "Battery Related Fraud" (Count 5): Montford alleged that Abernathy, Patterson, Taylor, and other members in the "chain of command" treated as jokes his grievances filed against Cole for battery.  Additionally, he alleged that Abernathy and Todaro intentionally lied and did not request that Cole refrain from battering Montford, even though Cole admitted subjecting him to unwanted touching.

(6)  Violations of 42 U.S.C. § 1985(3) (Count 6):  Montford asserted that Dade County had a practice or custom of discriminating against minorities.  He alleged that because of his race, Abernathy, Todaro, Patterson, and Taylor failed to address his battery charges and/or intentionally lied to cover them up.

(7)  Violations of 42 U.S.C. § 1983 (Count 7):  Montford alleged that he was subjected to a racially hostile work environment based on Cole's battery and Abernathy, Patterson, Taylor, and Todaro's failure to respond and/or intentional attempt to cover it up.

(8) Violations of the Americans with Disabilities Act (Count 8):  Montford claimed that he had a disability, an injured back and neck, that substantially limited one or more of his major life activities, that he was a qualified individual under the ADA, and that with reasonable accommodations, he could perform his

8

duties.  He alleged that he was discriminated against because of his disability and was terminated because he filed a grievance complaining of the discrimination.

(9) Violations of Title VII (Count 9):  Montford claimed that that, because of his race, he was discriminated against by Dade County and employees of the MDPD.  Specifically, he alleged inter alia, that he was required by Jiminez, Conover, Hoffman, Blue, and Dunn to carry out "degrading orders" not given to his peers, id. ¶ 157.a, paid late or not at all, and replaced by a less qualified Hispanic female.

(10) Violations of 42 U.S.C. § 1983 (Count 10):  Montford claimed that the defendants retaliated against him from March 1991 to November 1992 for filing an EEOC charge.  According to Montford, he was, inter alia, required to carry out degrading orders, denied the benefit of procedures for redressing and investigating grievances required by his contract, paid late or not at all, and eventually suspended and terminated for filing the EEOC charge.

(11) Violation of 42 U.S.C. § 1983 (Count 11): Montford alleged that Dade County, acting through Jiminez, Conovoer, Hoffman, Blue, Brady, and Taylor, tried to cover-up the violations of his constitutional rights from March 1991 to his termination by, inter alia, denying grievance appeal hearings and  refusing to follow contractual procedures for redressing Montford's grievances.

9

Additionally, Montford claims that Dade County refused to allow him to sit or stand to alleviate increasing pain while working and intentionally scheduled one of Montford's suspension hearings to conflict with one of Montford's medical appointments, even though Dade County knew of his medical problems. Finally, Montford alleged that Dade County relied on falsehoods to dismiss the appeal hearing.

(12) Violation of 42 U.S.C. § 1983 (Count 12): Montford averred that his due process rights were violated when (1) Dade County conducted a racist investigation pursuant to their discriminatory custom or practice, (2) Dade County denied him the full usage of internal means to prevent discrimination, and (3) he was terminated because defendants intentionally lied, committed perjury, covered-up the scheme, withheld exculpatory evidence, violated his right to examine his accuser, and upheld the unexamined testimony.

(13) Violations of 42 U.S.C. § 1981 (Count 13): Montford claimed that because of his race, he was denied the use of internal procedures to redress discriminatory employment practices from December 1991 until his termination. He alleged that during this period, Dade County did not pay him sufficiently, denied his request for a suspension hearing, refused to schedule a make-up

hearing, and terminated him for a crime that Pedersen, Taylor, Avino, and "Internal Affairs" knew or should have known he did not commit, id. ¶ 176.d.

(14) Violations of 42 U.S.C. § 1983 ("Libel") (Count 14): Montford claimed that Dade County continued its scheme to cover up the violations in court. He alleged that Dade County and Deutsch committed libel because at a 1 May 1992 unemployment appeal hearing, Deutsch stated that Montford was terminated for threatening an employee when he knew that Montford had been denied a hearing to address the employee's claim. As a result, contends Montford, his unemployment payments were delayed for five months.

(15) Violations of 42 U.S.C. § 1983 (Count 15): Montford claimed that Dade County customarily conspired with the police in corrupt investigations to cover up incidents. Specifically, Montford alleged that an individual filed a false report with the MDPD that claimed he was under a restraining order. Intending to cover up the county's race and disability-based discrimination, Officers Ford and 1841 ignored the false report and thus enabled the individual to file other false charges, including a charge that Montford had uttered a forged check. In furtherance of the conspiracy, claimed Montford, the CGPD arrested Montford even though none of the involved parties chose to prosecute the claims. Additionally, the CGPD and MDPD omitted Montford's attendance record from

11

Montford's investigation files. Montford alleged that these actions led to his wrongful termination and infringed on his constitutional rights, in violation of § 1983.

(16) Violations of 42 U.S.C. 1985(3) (Count 16): Montford claimed that Dade County, the MDPD, and CGPD took the actions discussed in Count 15 because of his race, in violation of 42 U.S.C. § 1985(3). He claimed that CGPD arrested Montford to give Dade County an excuse to terminate him and prevent him from returning to his normal employment duties.

(17) "Fraud" (Count 17): Montford claimed that, because of his race, the defendants used fraudulent means to cover up the events that led to his arrest, investigation, and termination.

(18) "Fraud Upon the 11th Circuit Court" (Count 18): Montford alleged that in Montford I, Judge Moreno perpetuated fraud upon our circuit by concealing and ignoring material filings, and Judges Tjoflat and Anderson ignored the fraudulent concealment. He claimed that, in Montford III, which he filed to redress this fraud, the judges conspired to ignore, decide sua sponte, or dismiss all of his fraud upon the court or fraudulent concealment issues. Additionally, Montford averred that, in order to cover up Judge Moreno's alleged fraudulent actions, Magistrate Dube intentionally delayed issuing his reports and

12

recommendations and withheld the concealment from his recommendation.

Finally, Montford claimed that on or about 15 August 2002, the defendants

intentionally lied in stating that they were not served several of Montford's court

filings.

(20) "Conspiracy to Fulfill Constructive Dismissal Through Intentional

Lying and Obstruction of Justice" (Count 20)[1]:  Montford claimed that the judges'

actions, as described in count 18, and the other defendants' intentional lies about

filing motions, obstructed justice, in violation of § 1983.

(21) Violations of U.S.C. § 1985(3) (Count 21):  Montford averred that

because of his race, Magistrate Dube perpetuated the fraudulent concealment from

Montford I in his 30 August 2000 and 11 November 2002 recommendations to

Judge Moreno, and Judge Moreno furthered the conspiracy by ignoring

Montford's numerous filings concerning the fraudulent concealment.  Montford

argued that Magistrate Dube and Judge Moreno's actions violated their oaths of

office and denied him equal privileges under the law, in violation of § 1985(3).

After reviewing the Montford IV complaint, the district court found that the

majority of Montford's claims were barred by res judicata.  The district court

further concluded that the remaining claims, all against judicial officers and

---

[1] Montford skipped from count 18 to count 20.  There is no count 19.

13

opposing counsel and their employers from <u>Montford III</u>, were frivolous and did not state a cognizable cause of action. Accordingly, the district court dismissed Montford's amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Montford filed a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 60(b). The district court denied Montford's motion. Montford timely filed a notice of appeal regarding the dismissal order and denial of his motion for reconsideration. After filing his notice of appeal, Montford moved in the district court to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15. The district court denied his motion as moot. Montford then filed a second motion to set aside the order dismissing the complaint as frivolous and a second motion for leave to file a second amended complaint. The district court denied his motions, stated that Montford's filing of successive motions was "an inefficient use of Court resources," R1-25 at 2, and instructed the court clerk to refuse to accept further filings by Montford except for an amended motion to proceed <u>in forma pauperis</u> on appeal pursuant to 28 U.S.C. § 1915. Montford did not file a subsequent notice of appeal.

Reading Montford's brief liberally, <u>see</u> <u>Lorisme v. INS</u>, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997) (noting that we must construe liberally briefs filed <u>pro se</u>), he appears to raise three main arguments on appeal. First, Montford argues

14

that the district court erred in dismissing his complaint on grounds of <u>res judicata</u>

and frivolity because the prior adjudications were tainted by Judge Moreno's

allegedly fraudulent conduct and thus deprived Montford of his substantive due

process rights.  Second, Montford contends that the district court erred in denying

his <u>pro se</u> motion to file an amended complaint in order to address the district

court's reasons for dismissing <u>sua sponte</u> his initial complaint.  Finally, in the

conclusion section of his brief, Montford argues that he is entitled to the

appointment of counsel at the defendants' expense  because of the size and

complexity of his case.[2]

## II.  DISCUSSION

---

[2]Montford also apparently argues that Judges Anderson, Tjoflat, and Moreno were required to recuse themselves from Montford III because Judge Moreno allegedly lied to cover-up defendants' wrongdoing in order to dismiss the case, and Judges Anderson and Tjoflat perpetuated the fraud in affirming that dismissal. However, Montford did not raise this recusal issue before the district court.  As such, he is precluded from raising it on appeal.  <u>See</u> <u>Fed. Sav. & Loan Ins. Corp. v. Haralson</u>, 813 F.2d 370, 374 n.4 (11th Cir. 1987).  Montford also briefly mentions Judge Birch  as being a member of the panel that affirmed the dismissal and summary judgment against Montford in <u>Montford III</u>.  Montford mentions Judge Birch once, however, and even construing his brief liberally, Montford's grievances appear to be directed at Circuit Judges Anderson and Tjoflat only.

Additionally, Montford moves the court to assess costs for past, present, and future litigation expenses against the defendants, attorneys, and law firms involved and to sanction the involved attorneys and law firms.  We deny these motions for the same reasons that we affirm the district court's dismissal of Montford's complaint.

A.   Dismissal for Frivolity and Res Judicata

   1.   Res Judicata

We review de novo the district court's dismissal of claims as res judicata. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Res judicata precludes "claims which were raised or could have been raised in an earlier proceeding." Id.  In our circuit, res judicata applies if "(1) there is final judgment on the merits;  (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits;  and (4) the same cause of action is involved in both cases." Id.  To decide whether the causes of action are the same in two suits, we compare the substance of the actions to determine if their primary rights and duties are identical. Id. at 1239.  "'[I]n general, . . . if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.'" Id. (citation omitted).

In this case, the district court did not err in holding that Montford's claims in counts 5-13 and 15-17 are barred by res judicata.  First, the district court judge in Montford III entered a final judgment on the merits against Montford.  Second, the district court had jurisdiction to consider his claims under 28 U.S.C. § 1331

16

and through supplemental jurisdiction. Third, the parties named in counts 5-13 and 15-17 are the same as those in <u>Montford III</u>. Fourth, the counts reiterate or arise from the same facts as Montford's allegations from <u>Montford III</u> regarding the allegedly unlawful employment practices he experienced as an employee of Dade County from 1988 to his termination in 1992 and the alleged attempt by Dade County and its employees to cover-up the violations by manipulating the county's internal grievance procedures. Because all four requirements for <u>res judicata</u> are met on claims 5-13 and 15-17, the district court did not err in dismissing Montford's complaint as to those claims.

2.　§ 1915(e)(2)(B)

We next consider the district court's dismissal of claims 1-4, 14, 18, and 20-21. Under 28 U.S.C. § 1915(e)(2)(B), an action in forma pauperis must be dismissed at any time if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B). "A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001). We review for abuse of discretion a district court's dismissal of claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2). <u>Id.</u> at 1349. However, we review <u>de novo</u> a district court's dismissal for failure to state a claim. <u>Id.</u> at 1348.

17

### a. Count 2

In count 2, Montford argued that he was denied substantive due process, in violation of § 1983. The substantive component of the Due Process Clause protects "'fundamental'" rights that "are 'implicit in the concept of ordered liberty.'" McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (citation omitted). "Substantive due process is a doctrine that has been kept under tight reins, reserved for extraordinary circumstances." Nix v. Franklin County Sch. Dist., 311 F.3d 1373, 1379 (11th Cir. 2002). For the most part, substantive due process has been confined to issues relating to marriage, family, procreation, and the right to bodily integrity. Albright v. Oliver, 510 U.S. 266, 272, 114 S. Ct. 807, 812 (1994).

In the case here, Montford's allegations that the defendants violated his substantive due process rights when they conspired to conceal evidence in Montford I does not constitute a cognizable substantive due process claim. A failure to comply with a subpoena directing someone to provide evidence does not infringe upon a fundamental right. See McKinney, 20 F.3d at 1556; Albright, 510 U.S. at 272, 114 S.Ct. at 812. Accordingly, the district court did not err when it dismissed Montford's complaint as to count two.

### b. Counts 3 and 21

18

42 U.S.C. § 1985(3) provides a cause of action where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . ." 42 U.S.C. 1985(3). We have identified four elements required to state a cognizable § 1985(3) conspiracy claim: "'(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002). Additionally, to state a § 1985(3) claim, the plaintiff must allege "invidious discriminatory intent" on the part of the defendants. Id. "[C]onclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint." Kearson v. S. Bell Tel. & Tel. Co., 763 F.3d 405, 407 (11th Cir. 1985) (per curiam).

In counts 3 and 21, Montford alleged that Judge Moreno, Judge Dube, and other defendants conspired because of his race to deny him equal privileges and immunities under the law by concealing direct evidence in Montford I, intentionally lying to cover up the conspiracy, and ultimately bringing about the

19

wrongful dismissal of his claims, all in violation of 42 U.S.C. § 1985. Montford made only conclusory allegations of a conspiracy and failed to allege any evidence that the defendants reached an understanding to violate his rights. Moreover, Montford alleges the defendants' discriminatory intent only in a conclusory manner. See Kearson, 763 F.2d at 407. Even reading Montford's complaint liberally, as we must, we conclude that Montford failed to state a valid claim under 42 U.S.C. § 1985. Thus, the district court did not err in dismissing Montfords' claims contained in counts 3 and 21.

c.      Counts 1, 4, 14, 18, and 20

Dismissal is not appropriate for failure to state a claim "unless the plaintiff can prove no set of facts that would support the claims in the complaint." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). Nonetheless, a district court may properly dismiss a complaint if it rests only on "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts . . . ." Id.

In counts 1, 4, 14, 18, and 20, Montford alleged that: (1) the defendants failed to disclose crucial evidence in Montford I and lied about Montford's actions so as to delay his unemployment compensation; (2) that Judge Moreno condoned and furthered the defendants' transgressions by, among other things, lying, timing

20

his judicial orders to hide corruption, and ignoring material filings; and (3) that Judge Dube participated in the conspiracy by omitting the legal theory of fraudulent concealment from his Report and Recommendation. Montford stated that these actions constitute fraudulent concealment, a conspiracy to "fulfill constructive dismissal through intentional lying and obstruction of justice," Fourth Amended Compl., Montford IV, at Count IV, libel in violation of 42 U.S.C. § 1983, and fraud upon our circuit. After carefully reviewing Montford's complaint, we are satisfied that the claims stated in counts 1, 4, 14, 18, and 20 are based solely on "conclusory allegations" and "unwarranted factual deductions." Davila at 1185. Accordingly, we conclude that the district court did not err in dismissing the claims stated in these counts.

C. Motion to File an Amended Complaint

A district court's denial of a plaintiff's motion to amend a complaint is reviewed for abuse of discretion. Green Leaf Nursery v. E.I. Dupont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003). Although the dismissal of a complaint by a district court terminates the plaintiff's right to amend under Federal Rule of Civil Procedure 15(a), under some circumstances, a plaintiff may move the district court for leave to amend. Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984). However,

21

"if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action," a motion for leave to amend is inappropriate. Id. at 1556 n.6.

In this case, the district court's 30 April 2004 dismissal order both dismissed the amended complaint and ordered the case closed. Thus, the district court "clearly indicated" that a subsequent amendment to the complaint was not possible. See id. Montford filed his motion to file a second amended complaint after the district court had entered the order. Applying Czeremcha, we thus conclude that Montford's motion was inappropriate, and that the district court did not abuse its discretion in denying Montford's motion as moot. See id.

D.    Appointment of Counsel

Plaintiffs do not have a constitutional right to counsel in civil cases. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent plaintiffs but should only do so in exceptional circumstances. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). These exceptional circumstances would include cases "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Dean, 951 F.2d at 1216.

Montford cannot establish that his case presented exceptional circumstances to warrant the appointment of counsel for his civil claim. In his complaint and other proceedings filed with the district court, Montford was able to convey his legal theories and factual claims relating to his §1981, § 1983, § 1985, ADA, Title VII, and various state law claims. Although most of Montford's claims were barred by res judicata, they were not so novel or complex as to require an attorney's assistance. Accordingly, Montford is not entitled to an attorney.

## III. CONCLUSION

Upon review of the record and Montford's brief, we discern no reversible error. First, the district court did not err in dismissing Montford's claims as frivolous or barred by res judicata. Second, the district court did not abuse its discretion in denying Montford's motion to file a second amended complaint as moot. Third, Montford has not established that his case presents the exceptional circumstances required to appoint counsel for his civil claims. Accordingly, we **AFFIRM**.