[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT12, 2010
JOHN LEY
CLERK

No. 09-16178
Non-Argument Calendar

_____

D. C. Docket No. 09-20352-CV-ASG

CHARLES E. FREEMAN,

Plaintiff-Appellant,

versus

PATRICK RICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 12, 2010)

Before BLACK, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Charles E. Freeman, proceeding pro se,[1] appeals the district court's decision denying his motion for leave to file an amended complaint, which was filed after the district court dismissed Freeman's case with prejudice for lack of subject matter jurisdiction. After review, we hold that the district court did not abuse its discretion in denying Freeman's post-dismissal motion to amend. Accordingly, we affirm.

I.

The tortured history of this case arises out of a simple landlord-tenant dispute tried in the Small Claims Division of the County Court of Miami-Dade County, Florida. In 2005, Rice sued Freeman, who was his landlord, alleging breach of a residential lease. Freeman appeared and the case was tried to the county court, which rendered what was incorrectly termed a "Default Final Judgment" in the amount of $2,555 in Rice's favor on November 5, 2009. About two weeks later, on November 23, 2005, the county court sua sponte entered a "Corrected Final Judgment" in the same amount. This second judgment was materially identical to the first one, but it "corrected" the title to remove the word "default." The judgment was likely amended because, as Freeman admits, he appeared and litigated the case on the merits and the judgment was in no way

_____

[1] Although Freeman is proceeding pro se, he is apparently an attorney and a member of the Virginia Bar.

entered by reason of his default.

Freeman attempted to appeal the "corrected" judgment to the circuit court in Miami-Dade County. Rice then moved to dismiss the appeal, arguing that the court lacked jurisdiction because Freeman did not appeal the "default" final judgment within thirty days as Florida law requires and the "corrected" final judgment, which made no material changes to it, did not extend the time for filing a notice of appeal. After the circuit court denied Rice's motion to dismiss and his later motion for reconsideration, Rice sought a writ of prohibition from the Florida District Court of Appeals on the same grounds. The Florida appellate court granted relief to Rice in a written opinion. See Rice v. Freeman, 939 So. 2d 1144, 1145 (Fla. Dist. Ct. App. 2006). Freeman then filed a motion for reconsideration, which the Florida District Court of Appeals denied. Freeman next sought discretionary review in the Florida Supreme Court, which denied his petition for review without opinion. See Freeman v. Rice, 977 So.2d 576 (Fla. 2007) (Table). Freeman did not seek certiorari in the United States Supreme Court.

Meanwhile, the parties continued to litigate issues relating to Rice's request for attorney's fees in the county court, the circuit court, and the Florida District Court of Appeals. In May 2008, the county court issued an Amended Final Judgment in Rice's favor in the amount of $14,165.90, which Freeman

3

unsuccessfully tried to appeal. The county court then issued a second final judgment for Rice in the amount of $4,161.34, which was an award of attorney's fees and costs resulting from Freeman's appeal of the Amended Final Judgment.

Following the conclusion of the state-court litigation, Freeman initiated this action in federal court. His complaint alleged that the Florida state-court judgments violated his due process rights, and that the Florida District Court of Appeals erroneously granted Rice's requests for a writ of prohibition. Based on this, Freeman sought a preliminary and permanent injunction prohibiting "Rice from taking any action for collecting the award of attorney's fees and costs."

Rice moved to dismiss Freeman's complaint, arguing that the district court lacked jurisdiction under the Rooker-Feldman doctrine, that Freeman's claims were barred by the doctrine of collateral estoppel, and that the Anti-Injunction Act precluded the district court from granting the relief Freeman sought. In response, Freeman amended his complaint to bring an "independent action in equity." He alleged that he had "exhausted his legal remedies and ha[d] no adequate remedy at law in the Florida state courts," and that the state courts had violated his due process rights by issuing a "default" judgment against him without giving him notice of an application for default. Freeman sought a declaratory judgment that the "default" final judgment and award of attorney's fees and costs were "null and

4

void and without legal effect." He also requested equitable "relief from the judgment" of the Florida District Court of Appeals because Rice allegedly committed "fraud upon the court" by misrepresenting the state of Florida law pertaining to the availability of attorney's fees under the Florida Residential Landlord Tenant Act.

Rice moved to dismiss, again arguing that, among other things, the district court lacked jurisdiction to consider Freeman's claims under the Rooker-Feldman doctrine. On October 15, 2009, the district court entered an order granting Rice's motion to dismiss, finding that it lacked jurisdiction under the Rooker-Feldman doctrine because "[f]ederal courts are courts of original jurisdiction, and 'are prelcuded from exercising appellate jurisdiction over final state-court judgments.'" District Court Order at 2 (quoting Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201 (2006)). The district court went on to find that any attempt by Freeman to amend his complaint would be futile because it plainly lacked jurisdiction to grant Freeman relief from the state-court judgments, and accordingly ordered that Freeman's complaint be dismissed with prejudice.

The day after the district court entered its order dismissing his case with prejudice, Freeman filed a motion for leave to amend his complaint. His proposed second amended complaint reiterated the claims the district court had previously

dismissed. It also sought (1) a declaratory judgment that Florida Small Claims Rule of Civil Procedure 7.170(a) is unconstitutional because it does not require that Freeman, who actually appeared and litigated his case, be given notice and a hearing prior to entry of a "default" judgment against him; (2) declaratory relief under 42 U.S.C. § 1983 because Rice "became a willful participant in a joint activity and acted in concert with the judges of the [Florida District Court of Appeals]" by securing the writ of prohibition preventing Freeman from appealing the "default" judgment and an injunction prohibiting Rice from collecting on the state-court judgments; (3) an order "setting aside" the state-court judgments because Rice committed fraud on the court. On October 20, 2009, the district court entered an order denying Freeman's post-dismissal motion for leave to amend, noting that its prior order dismissed Freeman's complaint with prejudice. Freeman then filed a "motion to alter or amend judgment" under Rule 59(e) requesting that the district court reconsider its order denying his post-dismissal motion to amend. In ruling on the motion, the district court noted that final judgment had not yet been entered in a separate document as required by Rule 58(a).[2] It therefore treated Freeman's motion as one under Rule 60 for relief from its order denying leave to amend and, finding none of the grounds identified in Rule 60(b) satisfied, denied

_____

[2] Entry of judgment had not occurred because a motion for Rule 11 sanctions against Freeman remained pending in the district court.

this motion on November 12, 2009.

On November 30, 2009, Freeman filed a notice of appeal in the district court.[3] In his notice of appeal, Freeman does not state that he is appealing from the district court's order dismissing his complaint with prejudice. Rather, the notice of appeal only designates the district court's November 12, 2009 order denying his "motion to alter or amend judgment," which sought reconsideration of the district court's order denying leave to amend.[4]

---

[3] Freeman's notice of appeal was timely. Although the district court's order was signed on October 19, 2009, it was entered on the docket on October 20, 2009. See SEC v. Van Waeyenberghe, 284 F.3d 812, 815 (7th Cir. 2002) (explaining that where the date an order is signed differs from the date it is entered on the docket, "it is the date of docketing that starts the time for purposes of motions practice and appeals"). Freeman filed his motion to alter or amend the judgment, which the district court treated as a motion under Rule 60, within ten days of entry of that order, as the version of Federal Rule of Appellate Procedure 4(a) then in effect required. See Fed. R. App. P. 4(a)(4)(A)(vi) (2009); Fed. R. Civ. P. 6(a) (2009). Freeman's notice of appeal was timely filed on November 30, 2009, within 30 days of the date the district court denied his Rule 60(b) motion. See Fed. R. App. P. 4(a)(4)(A) (2009). And in any event, final judgment had not been entered in a separate document as required by Federal Rule of Civil Procedure 58. Thus, final judgment would not be deemed entered until 150 days from the date of the district court's order dismissing his complaint. See Fed. R. App. P. 4(a)(7)(A)(ii) (2009). Freeman would then have 30 days from that date within which to file his appeal. See Fed. R. App. P. 4(a)(1)(A) (2009).

[4] We recognize that Federal Rule of Appellate Procedure 3(c) is liberally construed in favor of the appellant "where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." Campbell v. Wainwright, 726 F.2d 702, 704 (11th Cir. 1984). We have reviewed Freeman's filings in this case, and those documents do not make it "objectively clear" that he intended to appeal anything other than the district court's order denying his post-dismissal motion for leave to amend. See Fed. R. App. P. 3(c) advisory committee's note; Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006). That being so, we consider only whether the district court erred in denying that motion.

7

II.

Freeman argues that the district court erred in denying his motion for leave to file his second amended complaint. He contends that under Federal Rule of Civil Procedure 15(a), leave to amend should be freely granted, and that the district court should have permitted him to amend his complaint to include a new legal theory—namely, his § 1983 claim that Rice violated his due process rights by acting in concert with the judges of the Florida District Court of Appeals to secure the writ of prohibition.

We review a district court's denial of a plaintiff's motion to amend a complaint for abuse of discretion. Green Leaf Nursery v. E.I. Dupont De Nemours & Co., 341 F.3d 1292, 1300 (11th Cir. 2003). The dismissal of a complaint by a district court terminates the plaintiff's right to amend under Federal Rule of Civil Procedure 15(a). Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984). Although leave to amend may still be granted under some circumstances, a motion for leave to amend is not appropriate where "the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Id. at 1556 n.6.

Applying Czeremcha, we conclude that the district court did not abuse its

discretion in denying Freeman's motion to amend. The district court "clearly indicated" in its order dismissing Freeman's complaint with prejudice that any amendment would be futile, and thus a subsequent motion to amend would not be permitted. That being the case, the district court did not abuse its discretion by denying Freeman's post-dismissal motion to amend.[5] See id.

Furthermore, we readily conclude that Freeman's amendment would have been futile. Insofar as Freeman alleged that the state-court judgments violated his rights under the due process clause and sought review of and relief from those judgments, the district court lacked jurisdiction to consider those claims. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005) (holding that the Rooker-Feldman doctrine precludes district courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Green v. Jefferson County Comm'n, 563 F.3d 1243, 1249 (11th Cir. 2009) (explaining that the Rooker-Feldman doctrine "recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them

---

[5] This is especially true where, as here, Freeman did not provide any justification in his motion to amend for failing to include his new legal theories earlier in the case and waited four months after Rice filed a second motion to dismiss before seeking leave to file his second amended complaint.

from reviewing final state court decisions").

To the extent Freeman alleges that Rice, through his attorneys, violated his constitutional rights by securing a ruling from the Florida District Court of Appeals, his complaint fails "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). Freeman's second amended complaint does not allege any facts to support an agreement or conspiracy between Rice and the judges of the Florida District Court of Appeals. In the absence of such allegations, Freeman's complaint fails to state a claim for relief under § 1983. See, e.g., Dennis v. Sparks, 449 U.S. 24, 28, 101 S. Ct. 183, 186 (1980) ("Of course, merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (explaining that "a 'judicial conspiracy' claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal," that "'the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy'" and that "'[a] conspiracy cannot be found from allegations of judicial error . . . or adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions'" (quoting

10

<u>Crabtree v. Muchmore</u>, 904 F.2d 1475, 1481 (10th Cir. 1990)).

For these reasons, the district court's decision denying Freeman's post-dismissal motion for leave to amend is affirmed.

**AFFIRMED.**