[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-10028
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00482-RV-EMT


DAVID PEARSON,

Plaintiff-Appellant,

versus

SE PROPERTY HOLDINGS, LLC,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 16, 2013)

Before MARCUS, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

David Pearson appeals the district court's denial of his motion for relief

from the orders dismissing his complaint, denying his motion to amend/correct the

complaint, and granting the defendant's motion for attorney's fees. After review of the record and the parties' briefs, we affirm.

I

Through a foreclosure, SE Property Holdings, LLC ("SE Property") acquired fifteen lots in a Florida subdivision named Inlet Heights. The developer of the subdivision – Inlet Heights, LLC – remained the fee simple title holder of the common areas.[1] Mr. Pearson subsequently entered into a contract with SE Property to purchase the fifteen lots for $330,000, and paid a $33,000 earnest money deposit. The contract stated that the title to the common areas would be conveyed to the homeowners' association. At the time of closing, however, the homeowners' association was inactive, so the title to the common areas remained with Inlet Heights, LLC. Mr. Pearson contacted SE Property regarding this matter, but the sale of the lots was never completed.

Alleging that title to the lots was defective and unmarketable without the title or access to the common areas, Mr. Pearson filed a complaint in state court for specific performance, requesting that SE Property be required to convey clear unencumbered title to the common areas to the homeowners' association. Mr. Pearson also asserted claims for breach of express and implied warranties due to SE Property's failure to foreclose on the common areas.

---

[1] The common areas include private streets, recreation areas, utility areas, and all other similar areas as described on the plat.

2

Following removal, SE Property filed a motion to dismiss the complaint and a motion to discharge lis pendens.  Mr. Pearson did not respond to either motion. Mr. Pearson's counsel was unaware the motions were filed because he had not updated his email address with the CM/ECF system. The district court proceeded to grant both motions.

Afterwards, Mr. Pearson filed a motion for relief from the order dismissing the complaint and a motion to amend/correct the complaint. He asserted that his failure to respond was unintentional and due to inadvertence, excusable neglect, and/or mistake. The district court denied Mr. Pearson's motions for relief and amend/correct without addressing whether the failure to respond was due to excusable neglect. The court denied the motion for relief because Mr. Pearson could not establish a prima facie case for specific performance or for breach of express and implied warranties. The court denied the motion to amend because the proposed amended complaint, like the original complaint, failed to state a claim entitling Mr. Pearson to the relief he sought.

SE Property filed a motion for attorney's fees. The district court initially ruled that SE Property was entitled to fees. Once Mr. Pearson filed the appeal, however, the request for attorney's fees was denied without prejudice and with leave to renew after the appeal was resolved.

II

A

We review the district court's denial of the motion for relief from the order of dismissal for abuse of discretion under Rule 60(b). *See Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012). "The losing party 'must do more than show that a grant of [the] motion might have been warranted'; he 'must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion.'" *Id.* (quoting *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996)).

Mr. Pearson argues that his failure to respond to the motion to dismiss was the result of excusable neglect, inadvertence, and/or mistake of counsel. The district court, however, did not base its decision on Mr. Pearson's failure to respond. Rather, the district court dismissed the complaint because Mr. Pearson did not establish a prima facie case for specific performance or for breach of express and implied warranties

The district court's merits ruling was correct. First, the contract between Mr. Pearson and SE Property contained waivers of implied warranties. One such waiver provided: "Buyer represents and warrants that buyer and buyer's experts have thoroughly and carefully inspected the property and agree to purchase same, 'as is, where is', with all faults, if any." Second, as part of the contract, Mr.

4

Pearson had only an easement of enjoyment for the common areas: "[E]very owner and his respective licenses, guests, invitees, agents, servants and employees shall have a non-exclusive easement of enjoyment in and to the common areas." The contract did not warrant marketable title to the lots, and contained only a special warranty deed. Mr. Pearson's complaint simply did not state a claim upon which relief could be granted.

B

We review the district court's denial of the motion to amend/correct the complaint for abuse of discretion. *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003). Mr. Pearson argues the district court abused its discretion in denying his motion to amend pursuant to Rule 15(a). Rule 15(a), however, is inapplicable here. Once the district court has dismissed a complaint and entered final judgment, the right to amend under Rule 15(a) terminates. *See Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984). The plaintiff must seek leave to amend post-judgment under Rule 59(e) or Rule 60(b)(6). *See Friedman v. Mkt. St. Mort. Corp.*, 520 F.3d 1289, 1293 n.4 (11th Cir. 2008).

In any event, the denial of leave to amend is not an abuse of discretion if the amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).  The district court correctly concluded that Mr. Pearson's

proposed amended complaint failed to state claims entitling him to the relief he sought.  In the amended complaint, Mr. Pearson alleged breach of contract by SE Property for failing and refusing to deliver title to the subject lots free of any defects. SE Property, however, never made any representations regarding marketability of title or the common areas. The lots were being conveyed "as is, where is," without express or implied warranties. Additionally, Mr. Pearson had no basis for adding Inlet Heights, LLC, the developer, as a defendant in the proposed amended complaint. Mr. Pearson has no claim against the developer until he takes title, because only an owner or the homeowners' association has the right to enforce the provisions of the Declaration of Covenants, Conditions, and Restrictions. In sum, the district court did not abuse its discretion in denying Mr. Pearson's request for leave to amend.

C

Mr. Pearson's appeal from the award of attorney's fees is moot. As noted earlier, the district court denied the motion for attorney's fees without prejudice after Mr. Pearson filed his notice of appeal. Thus, there is no fees order from which to appeal.[2]

---

[2] Should the district court subsequently award fees, Mr. Pearson can appeal from that ruling.

III

The district court's denial of Mr. Pearson's motions for relief from the order of dismissal and leave to amend/correct the complaint are affirmed.

**AFFIRMED.**