[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12513

Non-Argument Calendar

_____

ANTHONY ITALO PROVITOLA,

Plaintiff-Appellant,

*versus*

DENNIS L. COMER,
FRANK A. FORD, JR.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cv-00862-PGB-DCI

_____

Before JORDAN, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Anthony Provitola, a Florida attorney proceeding pro se, filed suit against his neighbor, Dennis Comer, and his neighbor's attorney, Frank Ford, Jr.  The district court struck Provitola's second amended complaint, denied him leave to amend his complaint, and declined to reconsider those two decisions.  We affirm.

Provitola brought six counts under 42 U.S.C. § 1983, each alleging a violation of the Fourteenth Amendment's guarantee of due process.  The district court dismissed the original complaint without prejudice as a shotgun pleading.  After Provitola filed an amended complaint, the court dismissed that complaint with prejudice for lack of subject-matter jurisdiction and for failing to state a claim.  This Court affirmed the dismissal for lack of subject-matter jurisdiction and remanded for the limited purpose of correcting the judgment to reflect a dismissal without prejudice. *Provitola v. Comer*, No. 21-10878, 2022 WL 823582 (11th Cir. Mar. 18, 2022).

Before the district court could correct the disposition, Provitola filed a second amended complaint.  The district court struck that complaint for violating both Federal Rule of Civil Procedure 15(a)(2) and the court's case management and scheduling order.  It then followed this Court's direction and

dismissed the first amended complaint without prejudice. Provitola moved the court to reconsider that order, or in the alternative, for leave to replead and file the second amended complaint. The district court denied the motion, noting that any amendment to the complaint would be futile for the same reasons that had been evident for the first amended complaint. Provitola appealed.[1]

Provitola now argues that the district court failed to obey our mandate from the prior appeal when it struck the second amended complaint and denied Provitola leave to amend. We disagree; the district court complied with the mandate by correcting the appealed judgment to reflect a dismissal without prejudice. Although a district court may not deviate from a mandate issued by this Court, or grant any further relief or review, it may still address any issues not disposed of on appeal. *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985). Thus, because our opinion was silent on whether Provitola was entitled to amend his complaint, the district court was free to address that issue.

The district court likewise did not err by striking the (attempted) second amended complaint—a decision we review for

---

[1] Comer and Ford argue that we lack jurisdiction to entertain this appeal, a question that we consider de novo. *Nationwide Mut. Ins. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022). That is incorrect. We have jurisdiction here because the denial of leave to amend is a final order if it follows the dismissal of the action for lack of subject-matter jurisdiction. *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1555 (11th Cir. 1984).

abuse of discretion. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). A plaintiff who has amended his complaint once may amend again only with either the defendants' written consent or the court's leave. Fed. R. Civ. P. 15(a). Here, Provitola had already amended his complaint once and sought neither the defendants' consent nor the court's leave before filing yet another amended complaint. Striking the improperly attempted amendment was thus appropriate. The constraints on successive amendments are not lessened after a successful appeal. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542–44 (11th Cir. 2002) (en banc).

Finally, the district court did not abuse its discretion by denying Provitola leave to amend his complaint. A district court may deny leave to amend if the complaint as amended would still be subject to dismissal. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Here, Provitola's second amended complaint would still be subject to dismissal. Provitola's § 1983 claims—even as amended—rest entirely on the conclusory allegation that the defendants "jointly engaged" with the state court judges. This naked assertion fails to plausibly allege that the defendants acted under color of state law, a statutory requirement. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Because Provitola's second amended complaint would still be subject to

dismissal for failure to plead a claim, amendment would be futile, and the district court properly denied leave to amend.[2]

**AFFIRMED.**[3]

---

[2] Provitola argues that the district court improperly relied on the *Rooker–Feldman* doctrine, that none of the issues raised in this case are precluded by collateral estoppel or res judicata, and that his § 1983 action is "personal" to him. Provitola's argument concerning the court's use of the *Rooker–Feldman* doctrine is precluded by the law of the case doctrine. *See Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). And his other arguments are not properly before us because the district court's orders did not rely on collateral estoppel, res judicata, or whether Provitola's action is "personal" to him. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 609 (11th Cir. 1991).

[3] We **DENY** Comer and Ford's motion for sanctions.