GRUENDER, Circuit Judge.
William Plouffe, Jr., an attorney admitted to practice law in Arkansas, filed a complaint under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against Stark Ligón, Executive Director of the Arkansas Office of Professional Conduct. The complaint asked the district court[1] to enjoin attorney disciplinary proceedings that Ligón initiated against Plouffe. Ligón moved to dismiss the complaint, arguing that the district court should abstain from exercising jurisdiction under the Younger abstention doctrine.[2] The district court granted the motion to dismiss, and we affirm.
I. BACKGROUND
The disciplinary proceedings against Plouffe can be traced back to a brief Plouffe filed on July 5, 2007, in an appeal before the Arkansas Court of Appeals. In the opinion issued in that case, a three-judge panel of the Arkansas Court of Appeals concluded that Plouffe’s brief was “littered with disrespectful remarks and judgments about the circuit judge.” Chamberlain v. Smith, No. 07-575, 2007 WL 4248488, at *1 (Ark.Ct.App. Dec.5, 2007) (unpublished). The court described Plouffe’s remarks as “inappropriate and irrelevant to the issue on appeal.” Id. The court also found that the “tenor and tone” of Plouffe’s brief came “dangerously close to a breach of our Model Rules of Professional Conduct.” Id.
In his role as Executive Director of the Arkansas Office of Professional Conduct, Ligón is responsible for investigating all complaints concerning members of the Arkansas bar and presenting meritorious cases to the Arkansas Supreme Court Committee on Professional Conduct. After investigating the statements Plouffe made in the Chamberlain brief, Ligón filed an ethics complaint against Plouffe before the Committee on Professional Conduct. The ethics complaint alleged that Plouffe violated Rule 8.4(d) of the Arkansas Rules of Professional Conduct, which provides that “[i]t is professional misconduct for a lawyer to ... engage in conduct that is prejudicial to the administration of justice.” The ethics complaint claims that Plouffe “attributed seriously wrong conduct to appellee’s counsel and bias to the trial judge, in accusations which appeared as assertions of fact, but which were wholly unsupported by proof in the record.”
Plouffe then filed this action against Ligón, asking the district court to enjoin the ongoing attorney disciplinary proceedings. Ligón moved to dismiss the complaint, arguing that the district court should abstain from hearing the matter under the Younger abstention doctrine. The district court agreed that Younger abstention applied and dismissed the complaint. Plouffe appeals.
II. DISCUSSION
The Younger abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. Middlesex County Ethics Comm. v. Garden State Bar Ass’n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (applying Younger abstention to abstain from interfering in attorney disciplinary proceedings). Even if these three requirements *893 are met, a federal court should not abstain if there is a showing of “bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.” Id. at 435, 102 S.Ct. 2515. The Supreme Court has suggested that an exception making abstention inappropriate might exist where a state statute is “flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.” Trainor v. Hernandez, 431 U.S. 434, 447, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977) (quoting Younger, 401 U.S. at 53-54, 91 S.Ct. 746).
On appeal, Plouffe argues that the second and third requirements for abstention are not met. Alternatively, he argues that the “patently unconstitutional” exception applies because the statements he made in the Chamberlain brief are accurate and protected by the First Amendment.
We generally review the grant of a motion to dismiss de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the non-moving party. Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir.2005). However, “[w]e review the application of the Younger abstention doctrine for abuse of discretion.” Id.
With respect to the second requirement, that the disciplinary proceedings “implicate important state interests,” see Middlesex County, 457 U.S. at 432, 102 S.Ct. 2515, Plouffe acknowledges that there is a strong state interest in attorney disciplinary proceedings. See id. at 434, 102 S.Ct. 2515 (finding that the state “has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses”). However, he argues that the second requirement is not met here because the federal courts “have an even stronger interest” in addressing his constitutional claims.[3] Plouffe’s argument misapprehends Younger abstention. This requirement demands only that the state proceedings “implicate important state interests.” Id. at 432, 102 S.Ct. 2515. We do not weigh the competing interests of the federal and state courts in adjudicating Plouffe’s claims. See id. at 432-34, 102 S.Ct. 2515. Because the disciplinary proceedings here implicate important state interests, the second requirement is met.
Plouffe argues that the third requirement is not met because the attorney disciplinary proceedings do not provide him an adequate opportunity to raise his constitutional claims. Plouffe must present his constitutional claims in the attorney disciplinary proceedings “unless it plainly appears that this course would not afford adequate protection.” See id. at 435, 102 S.Ct. 2515 (quoting Younger, 401 U.S. at 45, 91 S.Ct. 746). The burden rests on Plouffe to show that the disciplinary proceedings do not afford him an adequate opportunity to raise his constitutional claims. See Neal v. Wilson, 112 F.3d 351, 357 (8th Cir.1997).
Plouffe notes that the attorney disciplinary proceedings allow only limited discovery and that the Arkansas Rules of Civil Procedure are not binding during the proceedings. He describes these procedural features as inadequate and baldly asserts that they will prevent him from adequately raising his constitutional claims. However, Plouffe does not explain how limited discovery or the relaxation of the rules of civil procedure prevents him from presenting his constitutional claims during the disciplinary proceedings. And we have not *894 independently identified any plausible basis for finding that the alleged limitations would prevent the presentation of his constitutional claims. We can find nothing in the rules governing the attorney disciplinary proceedings that would prevent Plouffe from raising his constitutional claims. See Ark. Sup.Ct. P. Regulating Profl Conduct of Att’ys at Law. Furthermore, we have previously found that the Arkansas Supreme Court adequately considers constitutional claims raised during attorney disciplinary proceedings. See Neal, 112 F.3d at 357. Plouffe has not shown that the alleged limitations prevent him from adequately presenting his constitutional claims during the attorney disciplinary proceedings, so we reject his argument concerning the third requirement.
Finally, Plouffe argues that the “patently unconstitutional” exception applies because the statements he made in the Chamberlain brief are protected by the First Amendment. Under this extremely narrow exception, we might enjoin a state proceeding where the relevant state law is “flagrantly and patently” unconstitutional “in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.” Trainor, 431 U.S. at 447, 97 S.Ct. 1911 (quoting Younger, 401 U.S. at 53-54, 91 S.Ct. 746). Plouffe admits that Rule 8.4(d) is not facially unconstitutional. Indeed, he acknowledges that the First Amendment would not protect him if the court found that his statements were knowingly false, as the ethics complaint alleges. See Gertz v. Robert Welch, Inc., 418 U.S. 323, 340, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). Thus, by Plouffe’s own admission, Rule 8.4(d) is not “flagrantly and patently” unconstitutional “in whatever manner and against whomever an effort might be made to apply it.” See Trainor, 431 U.S. at 447, 97 S.Ct. 1911. Accordingly, the “patently unconstitutional” exception does not apply here.
III. CONCLUSION
For the foregoing reasons, the district court did not err in applying the Younger abstention ' doctrine and dismissing Plouffe’s complaint. Accordingly, we affirm the judgment of the district court.

. The Honorable James M. Moody, United States District Judge for tire Eastern District of Arkansas.

. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

. Plouffe suggests that he would raise a First Amendment claim and a Fourteenth Amendment due process claim during the attorney disciplinary proceedings.