# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3853

_____

Gerald Geier; Stop Now!

*Plaintiffs - Appellants*

v.

Missouri Ethics Commission; Dennis Rose; Vernon Dawdy; John Munich; Louis
J. Leonatti; William Stoltz; Charles E. Weedman

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 9, 2013
Filed: May 21, 2013

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and ROSE,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Seeking to enjoin a state enforcement proceeding, Gerald Geier and Stop Now!
(collectively, "Stop Now!") filed this lawsuit in federal court against the Missouri

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the
Southern District of Iowa, sitting by designation.

Ethics Commission and several of its members (collectively, the "Commission"). The district court[2] abstained under the Younger doctrine and subsequently denied Stop Now!'s motion to amend its complaint as moot, having declined jurisdiction over the case. We affirm.

I.

Gerald Geier and others formed Stop Now!, a political action committee, in 1991 to oppose tax increases in the Kansas City area. By 2002, Stop Now! was no longer active but continued filing statements of limited activity until 2011. On April 2, 2012, the Commission brought an enforcement action against Stop Now!, alleging that it had failed to file ongoing reports and other required documentation. In response, Stop Now! brought this action in federal court against the Commission on November 20, 2012. Stop Now! alleged that the Commission's enforcement action violated the First Amendment and sought a preliminary injunction, a permanent injunction, and a declaration that Geier had no personal liability.

On November 30, 2012, the district court held a telephonic hearing and sua sponte raised the issue of whether it should abstain under the Younger doctrine.[3]

---

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

[3]The Younger abstention doctrine stems from the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court "held that a federal court should not enjoin a pending state criminal proceeding except in the very unusual situation that an injunction is necessary to prevent great and immediate irreparable injury." Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 626 (1986). The Court's decision was based "on equitable principles and on the more vital consideration of the proper respect for the fundamental role of States in our federal system." Id. (internal citation and quotation marks omitted). Although Younger was a state criminal proceeding, the Supreme Court later extended the doctrine's application to civil proceedings and state administrative proceedings.

-2-

After hearing arguments from both sides, the district court announced during the hearing its decision to abstain. It found that the Missouri state proceedings, through its administrative and appellate process, provided an adequate forum for Stop Now! to raise constitutional issues.

On December 3, 2012, Stop Now! filed a motion seeking to amend its complaint to include factual allegations that Geier's political speech had been chilled as a result of the Commission's proceedings. In its motion, Stop Now! acknowledged that it "underst[ood] that the court has declined to accept jurisdiction under the Younger Abstention doctrine," but that "[t]he purpose of this Motion is to ensure that the record is complete in the Eighth Circuit." The district court then issued an order on December 5, 2012, explaining that "[p]er the Court's oral order during the hearing of 11/30/12, the Court abstains under the Younger doctrine and the case is dismissed." As a result, Stop Now!'s motion to file an amended complaint was "dismissed as moot."

## II.

Stop Now! raises two issues on appeal. First, it contends that the district court erred by refusing to allow it to amend its complaint. Second, Stop Now! argues the district court abused its discretion by abstaining under the Younger doctrine.

## A.

Stop Now! contends that the district court erred by denying its motion to amend because it was entitled to amend its pleading "as a matter of course" within 21 days

---

See id. at 627.

after serving its complaint, citing Rule 15 (a)(1)(A) of the Federal Rules of Civil Procedure. We review the district court's denial of the motion to amend a complaint for an abuse of discretion and issues regarding an amendment's futility de novo. United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 822 (8th Cir. 2009). The Federal Rules of Civil Procedure allow a party to "amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). And while amendments to a party's complaint should be liberally granted, "different considerations apply to motions filed after dismissal." Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam).

We have previously held that after a court dismisses a complaint, a party's right to amend under Rule 15 terminates. Id. (citing Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 n.6 (11th Cir. 1984)). But although a party may have lost its *right* to amend, it could still file a motion for *leave* to amend its complaint. Id. Granting such a motion for leave to amend is inappropriate, however, if the district court has "indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." Id. (quoting Czeremcha, 724 F.2d at 1556 n.6). This distinction—between a dismissal of a complaint and a dismissal of an entire action—depends on whether the court intended the dismissal to be a final, appealable order. See Czeremcha, 724 F.3d at 1555-56. "[D]ismissing a complaint constitutes dismissal of the action when it states or clearly indicates that no amendment is possible—e.g., when the complaint is dismissed with prejudice or with express denial of leave to amend—or when circumstances otherwise indicate that no amendment is possible—e.g., when the limitations period has expired." Whitaker v. City of Houston, Tex., 963 F.2d 831, 835 (5th Cir. 1992). If, however, the "order does not expressly or by clear implication dismiss the *action*," under Czeremcha, the order only dismissed the complaint, and thus the party may amend under Rule 15(a) with

-4-

the court's permission.  Id.  With these principles in mind, we turn to the procedural history in this case.

Stop Now!'s attorney indicated during the telephonic hearing on November 30, 2012, that he intended to file an amended complaint alleging that his client's speech was chilled.  At oral argument, counsel conceded that this statement alone did not constitute an oral motion to amend under Rule 15.[4]  Thus, during the November 30, 2012 hearing, before Stop Now! moved to amend the complaint, the district court abstained under Younger.  Then, on December 3, 2012, Stop Now! filed a motion to amend its complaint to include the allegation that Geier's political speech had been chilled as a result of the Commission's enforcement proceeding.  Two days later, on December 5, 2012, the district court issued an order clarifying that its decision to abstain constituted dismissal of the entire action.  "Where Younger abstention is otherwise appropriate, the district court generally must dismiss the action, not stay it pending final resolution of the state-court proceedings."  Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1251 (8th Cir. 2012).  As a result, because the entire case had been dismissed before Stop Now! moved to amend, granting leave to amend would have been improper.  See Dorn, 767 F.2d at 443 (holding that granting leave to amend is inappropriate when district court dismisses entire action).

Even assuming that the action was not completely dismissed until the district court filed its December 5, 2012 order, we conclude that any error was harmless

---

[4]Counsel is correct.  This court has held that even though motions to amend are to be given freely under Rule 15, "[t]he particularity requirement of Rule 7(b) is met by submitting a proposed amendment with the motion for leave to amend the complaint."  Wolgin v. Simon, 722 F.2d 389, 394 (8th Cir. 1983); see also Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985) ("It is clear, however, that in order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

because Stop Now!'s proposed amendment to its complaint was futile. A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. Crest Const. II, Inc. v. Doe, 660 F.3d 346, 358 (8th Cir. 2011). And while Rule 15 is broadly construed to allow amendments, district courts need not "indulge in futile gestures." Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983) (per curiam). Here, the substance of the amendment merely incorporated a factual argument alleging that Geier's speech was chilled. The district court had already considered this argument during the hearing before making its ruling on the applicability of the Younger abstention doctrine. Therefore, we conclude Stop Now!'s attempt to amend the complaint was futile.

## B.

Next, Stop Now! contends that the district court misapplied the Younger abstention doctrine because Missouri's statutory scheme is patently unconstitutional based on Minnesota Citizens Concerned for Life v. Swanson, 692 F.3d 864 (8th Cir. 2012) (en banc). "We review the district court's decision to abstain under Younger for abuse of discretion." Night Clubs, Inc. v. City of Fort Smith, Ark., 163 F.3d 475, 479 (8th Cir. 1998). A district court abuses its discretion when it makes an error of law. See United States v. Weiland, 284 F.3d 878, 882 (8th Cir. 2002); Plouffe v. Ligon, 606 F.3d 890, 894-95 (8th Cir. 2010) (Colloton, J., concurring).

The Younger abstention doctrine provides that courts should not exercise federal jurisdiction where "(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." Plouffe, 606 F.3d at 892. Stop Now! concedes that the first two prongs are satisfied. As a result, we must determine whether the third prong is satisfied or, alternatively, whether an exception applies. We discuss these two issues in turn.

First, Stop Now! carries the burden of demonstrating the Missouri proceedings do not provide an "adequate opportunity" for it to raise its constitutional claims. See Plouffe, 606 F.3d at 893. On appeal, Stop Now! does not explain why the Missouri administrative system would not allow it to adequately raise constitutional claims.[5] In fact, Missouri allows for judicial review of final administrative decisions. See Mo. Rev. Stat. § 536.100 (providing that litigant who exhausted administrative remedies is entitled to judicial review); see also Missouri Ethics Comm'n v. Cornford, 955 S.W.2d 32, 33 (Mo. Ct. App. 1997) (reviewing Administrative Hearing Commission decision adverse to the Missouri Ethics Commission). Further, Missouri's statutory framework provides that the scope of judicial review includes analyzing whether the agency's action constituted a "violation of constitutional provisions." Mo. Rev. Stat. § 536.140(2)(1). Therefore, we conclude Stop Now! has failed to establish that it will not have an adequate opportunity to raise its constitutional claims through the Missouri administrative process; consequently, Younger abstention was appropriate unless and exception applies.

Second, Stop Now! alternatively argues that this case is an exception to the Younger abstention doctrine because it concerns the First Amendment. In Younger, the Supreme Court suggested that an exception, making abstention improper, might exist if a state's statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Younger v. Harris, 401 U.S.

---

[5]Indeed, Stop Now! has actually raised its constitutional challenges before the Missouri Administrative Hearing Commission. While this satisfies the requirement that a plaintiff "must at least attempt to raise its federal claims in state court before we will consider its argument that it is impossible to do so," Night Clubs, 163 F.3d at 481 (internal quotation marks and citation omitted), it does not follow that, as a result, abstention is inappropriate, as Stop Now! argues.

37, 53-54 (1971) (internal quotation marks omitted). This is an "extremely narrow exception." Plouffe, 606 F.3d at 894.

According to Stop Now!, the Missouri statutory scheme governing political action committees is unconstitutional in light of our recent decision in Minnesota Citizens. Additionally, Stop Now! contends that the district court should have refused to abstain because the statute was plainly unconstitutional, citing City of Houston, Tex. v. Hill, 482 U.S. 451, 468 (1987). Relying on the Supreme Court's language in Hill that it was "particularly reluctant to abstain in cases involving facial challenges based on the First Amendment," 482 U.S. at 467, Stop Now! argues that abstention is inappropriate when First Amendment issues are implicated. Stop Now!'s reliance on Minnesota Citizens and Hill is misplaced.

Minnesota Citizens addressed Minnesota subjecting "political funds to the same regulatory burdens as PACs." 692 F.3d at 872. Stop Now!, however, is a PAC and not the same type of small association or partnership the court considered in Minnesota Citizens. Therefore, this court's holding in Minnesota Citizens, concerning specific provisions of Minnesota's campaign finance statutes, does not make Missouri's separate statutory scheme "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph." See Younger, 401 U.S. at 53 (internal quotation marks omitted).

Stop Now! also relies heavily on Hill, but Hill was a Pullman[6] abstention case that neither addressed Younger nor concerned an ongoing state enforcement proceeding. See Hill, 482 U.S. at 455. Moreover, Hill does not preclude the application of Younger abstention whenever a First Amendment concern is raised. Merely invoking the First Amendment does not automatically exclude the application of the Younger abstention doctrine. To the contrary, this court has applied Younger abstention in cases raising First Amendment issues. See Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1250 (8th Cir. 2012) (First Amendment challenge alleging state's case plan for children violated Free Exercise Clause); Night Clubs, 163 F.3d at 481 (First Amendment challenge to exotic dancing restriction). Aside from alleging that Geier's speech has been chilled, Stop Now! has not explained how the Missouri statute is unconstitutional in "every clause, sentence and paragraph," and thus it cannot meet this "extremely narrow exception." See Plouffe, 606 F.3d at 894 (internal quotation marks omitted).

In sum, Stop Now! has failed to carry its burden of proving that it cannot adequately raise its constitutional issues in Missouri's administrative proceedings or courts, nor can it meet the narrow exception recognized by Younger. Therefore, we affirm the district court's decision to abstain.

---

[6]R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941). Pullman abstention was developed to avoid federal courts incorrectly deciding unsettled state-law questions which preceded federal constitutional issues. Arizonans for Official English v. Arizona, 520 U.S. 43, 76 (1997). To accomplish this, parties were remitted to state courts to litigate their state-law issues, but could return to federal court to adjudicate their federal-law claims if the resolution of the state-law issue "did not prove dispositive of the case." Id.

## III.

Based on the foregoing, we affirm.[7]

_____

---

[7]Additionally, we grant Stop Now!'s motion to supplement the record.