STATE of Iowa, Plaintiff,

v.

Kenneth C. TENNANT, Defendant.

Case No. 3:17–cv–00028–SMR–SBJ

United States District Court,
S.D. Iowa, Davenport Division.

Signed 06/23/2017

Michael J. Walton, Robert L. Cusack, Davenport, IA, Scott County Attorneys Office, for Plaintiff.

Kenneth C. Tennant, Bettendorf, IA, pro se.

## ORDER

STEPHANIE M. ROSE, JUDGE

### I. BACKGROUND

Documents available to this Court indicate that Defendant Kenneth C. Tennant repeatedly contacted a juror after that juror's service in an unrelated case involving Defendant's son. [ECF No. 1–1 at 1, 24]. These contacts included unsolicited e-mails discussing evidence presented at trial, inquiring about the jury's deliberation and verdict, and alleging corruption in the state judiciary, including in the process of the unrelated case. [ECF No. 1–1 at 1, 24, 39–40, 43–44, 47–48, 51–52]. The e-mails were pregnant with inflammatory language and seemingly random and baseless assertions.[1] [ECF No. 1–1 at 40]. Defendant also sent a package to the juror's employer containing, among other things, a picture of the juror, a DVD, and a letter alleging the juror reached the wrong verdict. [ECF No. 1–1 at 24, 57–58, 63, 64]. The letter adds that "[e]vidence of innocence is enclosed" and "[p]lease forward this to Corporate." [ECF No. 1–1 at 64].

In response, in March 2017, the State of Iowa brought a criminal suit against Defendant in the Iowa District Court for Scott County for violating Iowa Code section 720.4. [ECF No. 1–1 at 21, 22]. Section 720.4 states, in relevant part, that "[a] person ... who, in retaliation for anything lawfully done by any witness or juror in any case, harasses such witness or juror, commits an aggravated misdemeanor." Iowa Code § 720.4. On May 8, 2017, Defendant, *pro se*, removed the state criminal case against him to this Court. [ECF No.

---

1. For example, one e-mail states, "SHAME ON THESE CREATURES of SCOTT COUNTY IOWA CORRUPT COURTS." [ECF No. 1–1 at 40]. It then alleges "[t]he FBI has been apprised of these criminals, but the FBI is too busy running protection for the North American Man–Boy Love Association who has members at the top of this pyramid in the STATE & Federal Courts." *Id.* It then added, "CPS is using family courts to kidnap children and the FBI is part of the problem. They have several times rolled up on my home with intimidation tactics. They were undressing me with their perverted eyes. Licking their lips and making obscene gestures." *Id.*

1]. The "Petition to Remove" alleges the State of Iowa violated federal laws and Defendant's rights under the U.S. Constitution by prosecuting him. [ECF No. 1 at 1, 2]. It further explains that Defendant attempted to dismiss the criminal charges against him in state court but "[t]he inferior court has neglected to dismiss when it was obligated so to do in the instances at law." [ECF No. 1 at 2]. Defendant now asks this Court to dismiss his ongoing state criminal case for alleged harassment of the juror. [ECF No. 1 at 4]. On the day of removal, Defendant also filed a Petition to Proceed in Forma Pauperis. [ECF No. 2].

## II. ANALYSIS

■ Defendant removed the state criminal action against him to this Court and sought to proceed in *forma pauperis* simultaneously. [ECF Nos. 1; 2]. Defendant's Petition to Proceed in Forma Pauperis appears to be brought pursuant to 28 U.S.C. § 1915(a)(1) and his removal, as explained in more detail below, appears to be improper. "[W]here the requirements of 28 U.S.C. § 1915(a) are satisfied on the face of the documents and pleadings submitted, the better practice is for a district court to allow the action to be docketed without prepayment of costs and thereafter to dismiss it," even if the need for dismissal became apparent first. *Forester v. Ca. Adult Auth.*, 510 F.2d 58, 60 (8th Cir. 1975). Here, then, the Court will first address Defendant's Petition to Proceed in Forma Pauperis before addressing the propriety of Defendant's removal.

### A. Motion to Proceed in Forma Pauperis

Defendant seemingly brings his Motion to Proceed in Forma Pauperis pursuant to

28 U.S.C. § 1915. Section 1915(a)(1) states in relevant part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

■ Here, Defendant provided an affidavit indicating he is "a disabled American veteran on a fixed income, without any social security benefits, having no substantial savings, no 401k, no retirement, no stocks, no bonds, no cash on hand" for the filing of the removal or for any future costs related to this case. [ECF No. 2 at 1]. The affidavit, in connection with the record referenced in the affidavit, indicates the nature of the action and Defendant's belief he deserves redress. *Id.* Although the Court would have welcomed a more detailed affidavit, the Court, aware that Defendant is *pro se*, finds Defendant has satisfied the requirements of section 1915(a) and the removal filings shall be docketed without prepayment of costs.

### B. Propriety of Removal and Jurisdiction

Removal here was improper and remand is appropriate. Defendant cites 28 U.S.C. §§ 1443 and 1455 as his basis for removal.[2] [ECF No. 1 at 1]. Section 1443 provides:

2. Defendant also provides a long list of seemingly random citations to federal laws concerning, among other things, treason, abusive

debt collection practices, procedures in administrative proceedings, recusal of judges,

Any of the following ... criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Section 1455 provides the procedure of removing criminal actions to federal court. 28 U.S.C. § 1455(a)–(c). It directs the federal district court in which the notice of removal was filed to "examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

 Each of the two grounds for removal of criminal actions under section 1443 has its own requirements. Removal under subsection 1443(1) must meet a two-pronged test: (1) "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" and (2) "it must appear ... that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of (the) State,'" *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (quoting

*Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966)). Removal under subsection 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966).

 Here, Defendant does not meet the standards of removal under either subsection of section 1443. With respect to subsection 1443(1), Defendant does not rely on any federal rights concerning racial equality and does not indicate how he was denied or could not have enforced his rights in state court. With respect to subsection 1443(2), Defendant is not a federal officer, an agent, or a person authorized to act with or for them. Defendant is an ordinary citizen who complains of ordinary state prosecution for violation of state law. Since Defendant provided no proper basis for removal, this action must be remanded back to the Iowa District Court for Scott County.

 Additionally, jurisdiction is improper in this case because of the *Rooker–Feldman* doctrine and *Younger* abstention. The *Rooker–Feldman* doctrine deprives this Court of subject matter jurisdiction over cases that amount to appellate review of state court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Falling within the scope of this doctrine, Defendant removed this action in hopes of having this Court dismiss the case against him because the state court allegedly improperly refused to

and the retirement and disability of judges. [ECF No. 1 at 1]. The four citations most on point appear to be 28 U.S.C. §§ 1441 and 1446, which deal with removal of civil actions, and 28 U.S.C. §§ 1443 and 1455, which

deal with removal of criminal actions. Since this is a removal of a criminal action, the Court will focus on 28 U.S.C. §§ 1443 and 1455.

do so. The *Younger* abstention instructs that this Court should abstain from exercising jurisdiction over cases where "(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 678 (8th Cir. 2013) (quoting *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010)). All three of these elements are present here.

Finally, with respect to Defendant's removal in *forma pauperis*, the Court notes that 28 U.S.C. § 1915(e)(2) directs courts to "dismiss the case at any time if the court determines that" "the allegation of poverty is untrue" or the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)–(iii). For the foregoing reasons, section 1915(e)(2) also favors remanding this case. *See Swift v. Thomas*, 8:16CV190, 2016 WL 8376697, at *1–2 (D. Neb. July 1, 2016) (dismissing the plaintiff's complaint under 28 U.S.C. § 1915(e)(2) because the *Rooker–Feldman* doctrine and the *Younger* abstention prohibited the court from entertaining the plaintiff's claim that the state court violated the plaintiff's constitutional rights when it denied his request to proceed without counsel).

## III. CONCLUSION

For the foregoing reasons, Defendant's Petition to Proceed in Forma Pauperis, [ECF No. 2], is GRANTED with respect to costs related to removal. The Clerk of Court shall ensure that Defendant's removal of the case is docketed without prepayment of costs. Once docketed, this case shall be REMANDED to the Iowa District Court for Scott County. A certified copy of this order of remand shall be mailed by the clerk to the clerk of the Iowa District Court for Scott County.

IT IS SO ORDERED.