# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3800

_____

Shirley Curd; David Brennan

*Plaintiffs - Appellants*

v.

City of Searcy, Arkansas

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2018
Filed: October 11, 2018
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shirley Curd and her son David Brennan (collectively, the Curds) appeal from the order of the District Court[1] dismissing without prejudice their 42 U.S.C. § 1983

_____

[1] The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

complaint against the City of Searcy, Arkansas, under Younger v. Harris, 401 U.S. 37 (1971), and denying as moot their pending motions.  The Curds first argue that their case falls within the bad faith exception to Younger abstention set forth in Plouffe v. Ligon, 606 F.3d 890, 893 (8th Cir. 2010) (stating that "a federal court should not abstain if there is a showing of 'bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate'") (quoting Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982)). They also contend that the District Court abused its discretion, engaged in judicial misconduct, and abandoned its role as an impartial arbiter; that their § 1983 action for money damages did not interfere with the ongoing state criminal prosecutions; and that the District Court abused its discretion by dismissing their action for lack of substantial progress.

Upon review, we conclude that the District Court's sua sponte decision to abstain under Younger was appropriate.  See Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2012) (explaining that under the Younger doctrine, "principles of comity and federalism" require that "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions").  We further conclude that the bad faith exception to Younger abstention is not applicable and that the plaintiffs' remaining arguments are without merit.  We affirm.

_____

-2-