# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3826

_____

Herbert A. Igbanugo

*Plaintiff - Appellant*

v.

Minnesota Office of Lawyers Professional Responsibility, [OLPR]; Susan M. Humiston, in her official capacity as Director of OLPR; Amy Halloran, individually and in her offical capacity as Assistant Director at OLPR; Jennifer Bovitz, individually and in her official capacity as Managing Attorney at OLPR; Minnesota Lawyers Professional Responsibility Board, (LPRB); Jeannette Boerner, individually and in her professional capacity as Attorney Member at LPRB; Tommy Krause, individually and in his professional capacity as Designated Board Member at LPRB; Wilson Law Group; David L. Wilson, individually and in his official capacity as Founder and Managing Attorney at Wilson Law Group; Michael Gavigan, individually and in his official capacity as Senior Attorney at Wilson Law Group; Cassondre Buteyn, individually and in her official capacity as Co-Owner and Lead Attorney at Wilson Law Group; Eva Rodelius, individually and in her official capacity as Senior Attorney at Wilson Law Group; Aust Schmiechen, P.A.; Brian Lincoln Aust, individually and in his official capacity as Purported Expert Witness in the Onofre Case and as Founding Partner of Aust Schmiechen, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Herbert Igbanugo sued the Minnesota Office of Lawyers Professional Responsibility ("OLPR"), the Minnesota Lawyers Professional Responsibility Board ("LPRB"), and associated government officials ("the state defendants"). He also sued David Wilson and his firm the Wilson Law Group, other Wilson Law Group lawyers, and Brian Aust and his firm Aust Schmiechen, P.A. ("the private defendants"). Igbanugo claims that the state defendants violated his constitutional rights and seeks declaratory and injunctive relief. Igbanugo sought Rule 11 and 28 U.S.C. § 1927 sanctions against the private defendants. The district court[1] granted all defendants' motions to dismiss and granted the private defendants' motion for Rule 11 sanctions against Igbanugo. We affirm.

## I.

Herbert Igbanugo is an attorney practicing immigration and international trade law in Minnesota. Igbanugo worked with defendant David Wilson in the early 2000s. Wilson left Igbanugo's firm sometime in late 2003 or early 2004 and established the Wilson Law Group. Since then, Wilson and Igbanugo have maintained a less than amicable professional relationship and have submitted ethics complaints against each other to the OLPR.

Attorneys from the Wilson Law Group represented three of Igbanugo's past clients in a malpractice case against Igbanugo (referred to by the parties and the district court as the "*Onofre* case") filed in Minnesota state court in 2016. Defendant

_____

[1]The Honorable Patrick J. Schiltz, Chief Judge, United States District Court for the District of Minnesota.

Brian Aust served as an expert witness for the former Igbanugo clients. The *Onofre* plaintiffs won a jury verdict against Igbanugo on malpractice and related breach-of-contract and fraud claims in 2017. *See Cedillo v. Igbanugo*, No. 27-CV-16-7603, 2017 WL 7411331 (Minn. Dist. Ct. Dec. 19, 2017). The parties cross-appealed that judgment; the Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied review. *See Cedillo v. Igbanugo*, No. A18-0860, 2019 WL 2168766 (Minn. Ct. App. May 20, 2019), *rev. denied* (Minn. Aug. 20, 2019).

While the cross-appeals were pending, a Wilson Law Group attorney submitted an ethics complaint against Igbanugo to the OLPR, reporting the same misconduct allegations at issue in the *Onofre* case. The OLPR investigated the complaint and, pursuant to Minnesota attorney-disciplinary procedure, submitted the charges to the LPRB for a determination as to whether there was probable cause for disciplining Igbanugo. The LPRB found probable cause and the OLPR then filed a petition for disciplinary action with the Minnesota Supreme Court. *See In re Disciplinary Action Against Igbanugo*, No. A21-0338 (Minn. filed Mar. 15, 2021).[2]

Igbanugo sued the defendants in federal court in January 2021, raising claims related to the *Onofre* case and the OLPR's related disciplinary investigation. Against the state defendants, he alleges that the OLPR disciplinary proceedings violated his First, Fourth, Fifth, and Fourteenth Amendment rights and seeks declaratory and injunctive relief. He also raises state-law claims against the state defendants for abuse of process, malicious prosecution, and conspiracy. Against the private defendants, Igbanugo brought an abuse-of-process claim and asked the court to impose Rule 11 or 28 U.S.C. § 1927 sanctions. During proceedings before the district court, Igbanugo abandoned his abuse-of-process claim and instead requested

---

[2]This pending case is not Igbanugo's first brush with attorney discipline. Igbanugo has been disciplined on four separate occasions and was temporarily suspended from the practice of law in 2015. *See In re Disciplinary Action Against Igbanugo*, 863 N.W.2d 751, 755, 764 (Minn. 2015) (noting that Igbanugo had been disciplined on three prior occasions and temporarily suspending Igbanugo from the practice of law).

sanctions based on a declaration that the private defendants violated the Minnesota Rules of Professional Conduct.

All of the defendants then moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The private defendants also moved for Rule 11 sanctions. The district court granted all of the motions to dismiss. As to the claims against the state defendants, the district court abstained from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). As to the claims against the private defendants, the district court found that Igbanugo lacked standing to sue for a declaratory judgment and lacked a valid cause of action to seek sanctions. Lastly, the district court granted the private defendants' motion for Rule 11 sanctions and ordered Igbanugo to pay $50,000 in sanctions. Igbanugo appeals.

## II.

We first consider Igbanugo's claims against the state defendants. We generally review a district court's grant of a motion to dismiss *de novo*. *City of Ashdown v. Netflix, Inc.,* 52 F.4th 1025, 1026 (8th Cir. 2022). However, "[w]e review the district court's decision to abstain under *Younger* for abuse of discretion." *Minn. Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 551 (8th Cir. 2018). We affirm because the district court did not abuse its discretion in abstaining from exercising jurisdiction over Igbanugo's constitutional and state-law claims.

"The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding." *Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) (applying *Younger* to abstain from exercising jurisdiction over claims related to ongoing state attorney-discipline proceedings). However, even if these conditions are met, a federal court should not abstain if there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 892-93.

-4-

The district court found that all three *Younger* factors were satisfied and therefore abstained. Igbanugo argued that abstention was improper because the OLPR was biased against him. On appeal, Igbanugo argues that the district court erred by failing to accept the bias allegation in his pleading as true, as is required at the motion-to-dismiss stage. *See Schulte v. Conopco, Inc.*, 997 F.3d 823, 825 (8th Cir. 2021). We disagree because the facts in Igbanugo's pleading, taken as true, do not plausibly allow us to infer that the OLPR's post-*Onofre* investigation of Igbanugo was tainted by bias.

Igbanugo points to the following facts in support of his bias allegation: first, that the OLPR has investigated him multiple times in the past; second that the OLPR only investigated him, and not Wilson, in the wake of the *Onofre* case; third that Igbanugo lost his temper in a 2007 OLPR disciplinary proceeding; fourth, that the Minnesota Star Tribune published an article in 2013 quoting him as critical of the OLPR; and fifth, that the Minnesota Star Tribune has recently reported on a high rate of staff turnover at the OLPR. None of these facts support a plausible inference of bias. The OLPR's post-*Onofre* investigation was prompted by a jury verdict that Igbanugo committed malpractice. *See In re Disciplinary Action against Igbanugo*, No. A21-0338 (Minn. filed Mar. 15, 2021). The other investigations, Igbanugo's loss of temper, Igbanugo's comments to the media, and OLPR staff turnover do not show "more than a sheer possibility" that the OLPR was biased in investigating Igbanugo. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the district court did not err in finding that Igbanugo failed to allege bias plausibly.

Igbanugo provides no other reason as to why the district court might have abused its discretion in abstaining from exercising jurisdiction over the claims against the state defendants. Therefore, we affirm the dismissal of Igbanugo's claims against the state defendants.

**III**.

We next address Igbanugo's abuse-of-process claim and request for sanctions against the private defendants. We affirm because Igbanugo waived his abuse-of-process claim and lacks standing to seek sanctions based on the private defendants' alleged violations of the Minnesota Rules of Professional Conduct.

Igbanugo first argues that the district court erred in finding that he abandoned his abuse-of-process claim and asks us to consider it on appeal. However, Igbanugo clearly stated to the district court that he did not intend to pursue his abuse-of-process claim. Igbanugo therefore waived the claim, and we cannot review it. *See Robinson v. Norling*, 25 F.4th 1061, 1062 (8th Cir. 2022) ("When an argument has been waived, meaning it has been intentionally relinquished, it is entirely unreviewable on appeal." (brackets and internal quotations marks omitted)). Because Igbanugo waived his abuse-of-process claim, Igbanugo cannot use it as a basis for requesting sanctions against the private defendants. *See Cohen v. Lupo*, 927 F.2d 363, 365 (8th Cir. 1991) ("[T]here can be no independent cause of action instituted for Rule 11 sanctions.").

Igbanugo also argues that the district court could issue a declaration that the private defendants violated the Minnesota Rules of Professional Conduct and award him sanctions on that basis. However, Igbanugo lacks standing to seek this relief. *See McGowen, Hurst, Clark & Smith, P.C. v. Com. Bank*, 11 F.4th 702, 709 (8th Cir. 2021) (explaining that a plaintiff seeking a declaratory judgment must establish Article III standing). Igbanugo has not shown how any injuries to his own reputation would be redressed by a declaration that the private defendants violated the Minnesota ethical rules. *See Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) ("To establish Article III standing, plaintiffs must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury."). On appeal, Igbanugo argues that a declaration would help improve his reputation among clients and in the legal community. Igbanugo, however, seeks a declaration that only mentions the

private defendants (and not himself). Any reputational benefits Igbanugo might receive from a declaration about the private defendants are far too remote to confer standing. *See McGowen*, 11 F.4th at 709 ("[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") Therefore, Igbanugo cannot use his allegation that the private defendants violated the Minnesota Rules of Professional Conduct during the *Onofre* case as a basis to seek sanctions.[3]

In sum, Igbanugo waived his abuse-of-process claim and has no other grounds to seek sanctions against the private defendants. Therefore, we affirm the district court's dismissal of Igbanugo's claim and requests.

**IV.**

Lastly, we consider Igbanugo's appeal of the district court's award of $50,000 in sanctions to the private defendants. We review a district court's award of Rule 11 sanctions for abuse of discretion. *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006). The district court did not abuse its discretion, so we affirm the award.

Under Rule 11, an attorney must "certify to the best of [his] knowledge" that any "pleading, written motion, or other paper" submitted to the court is "not being presented for any improper purpose" and does not contain frivolous legal arguments. Fed. R. Civ. P. 11(b)(1)-(2). Therefore, Rule 11 "requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). In evaluating a motion for Rule 11 sanctions, the district court "must determine whether a reasonable and competent

---

[3]Additionally, the conduct of the private defendants that Igbanugo argues warrants sanctions occurred solely in state court. Rule 11 and § 1927 do not apply to proceedings that wholly took place in state court. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure apply to proceedings in United States courts); *In re Case*, 937 F.2d 1014, 1023 (5th Cir. 1991) (explaining that § 1927 does not apply to conduct occurring in state-court proceedings).

attorney would believe in the merit of an argument." *Id.* (internal quotation marks omitted). If sanctions are appropriate, we may order the sanctioned attorney to pay "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

The district court found that Igbanugo's claims against the private defendants were motivated by retaliatory animus, making the deterrence rationale for Rule 11 sanctions particularly salient here. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) ("The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct . . . .") (brackets omitted)). The district court determined that Igbanugo's motivation in pursuing sanctions against the private defendants was to retaliate against them for their roles in the *Onofre* case. Additionally, the district court found that Igbanugo's claims lacked a reasonable basis and that a competent attorney would not believe in their merit. In determining the amount to award, the district court found the hourly rates of the attorneys of the private defendants to be within the norm and noted that the amount of time spent on the case appeared reasonable given Igbanugo's 109-page complaint and other voluminous filings and motions. Nevertheless, the district court reduced the requested sanction amount from $66,447.37 to $50,000 because, ultimately, "[t]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo*, 903 F.3d at 747.

Igbanugo argues that the district court abused its discretion by erroneously describing his claims as frivolous and motivated by animus. We disagree. The district court's conclusions are supported by the record. "We will only reverse a sanction when the district court based its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 624 (8th Cir. 2003) (internal quotation marks omitted). Igbanugo does not identify any relevant factor that the district failed to consider or any factor that the district court did consider but improperly weighed. Likewise, the evidence supports the district court's view that the deterrence rationale for Rule 11 sanctions justifies a significant penalty. *See Welk v. GMAC Mortg., LLC*, 720 F.3d 736, 738-39 (8th Cir. 2013) (affirming a district court's award of $50,000 where an

attorney brought unreasonable and vexatious claims with no basis in law). Therefore, we find that the district court did not abuse its discretion in imposing $50,000 in sanctions.

**V**.

For the foregoing reasons, we affirm.

_____